IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FILED
RICHARD W. NAGEL
CLERK OF COURT
FEB 11 2025 11:44 A
U.S. DISTRICT COURT
SOUTHERN DISTRICT
OF OHIO-DAYTON

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | CASE NO. 3:24-CR-103 |
| Plaintiff, | : | |
| v. | : | **FIRST SUPERSEDING INDICTMENT** |
| **DAVID A. SNELL,** | : | 18 U.S.C. §§ 2251(a) and (e) |
| Defendant. | : | 18 U.S.C. § 2422(b)<br>18 U.S.C. §§ 2252(a)(2) and (b)(1)<br>18 U.S.C. § 2252(a)(4)(B) and (b)(2) |

**THE GRAND JURY CHARGES THAT:**

### COUNT 1: Production of Child Pornography (Minor 1)
### [18 U.S.C. § 2251(a) and (e)]

During a period of time beginning on or about May 20, 2024, to June 3, 2024, in the Southern District of Ohio, the defendant, **DAVID A. SNELL**, did employ, use, persuade, induce, entice, and coerce any minor, to wit: Minor 1, to engage in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2)(A), for the purpose of producing a visual depiction of such conduct and such visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce, or in and affecting interstate or foreign commerce or mailed.

All in violation of Title 18 United States Code Section 2251(a) and (e).

## COUNT 2: Coercion and Enticement (Minor 1)
### [18 U.S.C. § 2422(b)]

During a period of time beginning on or about May 20, 2024, to June 3, 2024, in the Southern District of Ohio, the defendant, **DAVID A. SNELL**, did use any facility of interstate and foreign commerce, to knowingly persuade, induce, entice and coerce any individual, to wit: Minor 1, who had not attained the age of 18 years to engage in any sexual activity for which any person could be charged with an offense.

All in violation of Title 18 United States Code Section 2422(b).

## COUNT 3: Production of Child Pornography (Minor 2)
### [18 U.S.C. § 2251(a) and (e)]

During a period of time beginning on or about May 15, 2024, to July 15, 2024, in the Southern District of Ohio, the defendant, **DAVID A. SNELL**, did employ, use, persuade, induce, entice, and coerce any minor, to wit: Minor 2, to engage in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2)(A), for the purpose of producing a visual depiction of such conduct and such visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce, or in and affecting interstate or foreign commerce or mailed.

All in violation of Title 18 United States Code Section 2251(a) and (e).

## COUNT 4: Coercion and Enticement (Minor 2)
### [18 U.S.C. § 2422(b)]

During a period of time beginning on or about May 15, 2024, to July 15, 2024, in the Southern District of Ohio, the defendant, **DAVID A. SNELL**, did use any facility of interstate and

foreign commerce, to knowingly persuade, induce, entice and coerce any individual, to wit: Minor 2, who had not attained the age of 18 years to engage in any sexual activity for which any person could be charged with an offense.

All in violation of Title 18 United States Code Section 2422(b).

### COUNT 5: Distribution of Child Pornography
### [18 U.S.C. §§ 2252(a)(2) and (b)(1)]

On or about June 25, 2024, in the Southern District of Ohio, the defendant **DAVID A. SNELL** knowingly distributed any visual depiction using any means and facility of interstate and foreign commerce, that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means including by computer; and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction was of such conduct.

All in violation of Title 18, United States Code, Sections 2252(a)(2) and (b)(1).

### COUNT 6: Possession of Child Pornography Involving a Prepubescent Minor
### [18 U.S.C. § 2252(a)(4)(B) and (b)(2)]

On or about August 28, 2024, in the Southern District of Ohio, the defendant, **DAVID A. SNELL**, knowingly possessed or accessed with the intent to view at least one matter which contains any visual depiction that has been mailed, shipped and transported using any means and facility of interstate or foreign commerce, including by computer; and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, and such visual depiction was of such conduction, including at least one visual depiction involving a prepubescent minor.

All in violation of Title 18 United States Code Section § 2252(a)(4)(B) & (b)(2).

## FORFEITURE ALLEGATION

Upon conviction of any offense set forth in this Indictment, the defendant **DAVID A. SNELL**, shall forfeit to the United States pursuant to 18 U.S.C. § 2253(a): (1) any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B or 2260 of Chapter 110 of Title 18 of the United States Code, or any book, magazine, periodical, film, videotape or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110 of Title 18 of the United States Code; (2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense(s); and (3) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense(s) or any property traceable to such property, including but not limited to:

(1) A Samsung SM-G975U cellular telephone, serial number R58M74SRVXY, and IMEI ending in 1734.
(2) An HP Laptop 14-cf2033wm, serial number 5CG1255CD7.

## SUBSTITUTE ASSETS

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b), to seek forfeiture of any other property of the defendant, up to the value of the property described above.

4

A TRUE BILL

_____
FOREPERSON

KENNETH L. PARKER
United States Attorney

_____
CHRISTINA MAHY
Assistant United States Attorney

5