IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 3:24-CR-00103 |
| | ) | |
| Plaintiff, | ) | Judge Thomas M. Rose |
| v. | ) | |
| | ) | |
| DAVID SNELL, | ) | |
| | ) | |
| Defendant. | ) | |

MOTION TO SUPPRESS AND MEMORANDUM IN SUPPORT

Now comes Defendant, by and through undersigned counsel, and moves the Court to suppress all evidence obtained from Altafiber (subpoenaed as "Fuse Internet Access"); Reddit, Inc.; Alphabet, Inc. (including its subsidiary Google, Inc.); Yahoo! Inc.; and AT&T Corp. (and any others failed to be mentioned or for which Defendant is unaware) because it was gained without a search warrant and in violation of Defendant's rights under the Fourth Amendment to the United States Constitution. Defendant further moves the Court to suppress all evidence obtained via search warrants issued regarding Defendant David Snell; the property located at 2236 Brookline Avenue, Dayton, Ohio 45420; the 2014 Kia Optima (Lic. Plate No. HBQ4627 and VIN 5XXGN4A70EG272217); as well as all Reddit and Session accounts for which a warrant issued in this matter, as fruit of the poisonous tree. Accordingly, their searches pursuant to subsequent warrants are also unconstitutional.

A memorandum of reasons and citations of authorities in support of this Motion is attached hereto and incorporated herein.

Wherefore, Defendant prays this Court will suppress any and all evidence gathered as a result of the search warrants.

## MEMORANDUM

Upon information and belief, Defendant David Snell presents the following facts in support of his motion to suppress. Evidence forming the basis for the Indictment was discovered via administrative subpoena and thereafter formed the basis for search warrants regarding Defendant's person, the property located at 2236 Brookline Avenue, Dayton, Ohio 45420; a 2014 Kia Optima (Lic. Plate No. HBQ4627 and VIN 5XXGN4A70EG272217), and several accounts on Reddit.com and Session. The affidavits in support of the warrants specifically reference and rely upon information provided by Reddit and Altafiber, in response to administrative subpoenas issued by the Department of Homeland Security. The issuance of administrative subpoenas in this matter is a clear attempt to sidestep the Fourth Amendment's warrant requirement as there is no requirement for a showing of probable cause to issue a subpoena. Absent these warrantless searches, information contained within the affidavits could not come anywhere close to setting forth the probable cause necessary to comply with the Fourth Amendment.

The Fourth Amendment's Warrant Clause is the principal protection against police intrusions into the privacy of citizens' homes. To prevent such intrusions the Warrant Clause requires an oath or affirmation in sufficient detail to establish probable cause.

*See, Nathanson v. United States*, 290 U.S. 41, 47, 78 L.Ed. 159 (1933). *Aguilar v. Texas*, 378 U.S. 108, 12 L.Ed.2d 723 (1964).

In *Carpenter v. United States*, 585 U.S. 296 (2018) the Supreme Court discussed the pitfalls of expansive use of administrative subpoenas, particularly in cases involving digitally stored user information. "[T]his Court has never held that the Government may subpoena third parties for records in which the suspect has a reasonable expectation of privacy" *Id.*, at 317. The court emphasized that digitally stored information (in that case cell site location information, or "CSLI") is starkly different than any business records previously obtained via administrative subpoenas. "CSLI is an entirely different species of business record—something that implicates basic Fourth Amendment concerns about arbitrary government power much more directly than corporate tax or payroll ledgers. When confronting new concerns wrought by digital technology, this Court has been careful not to uncritically extend existing precedents." *Id.*, at 318 (citing to *Riley v. California*, 573 U.S. 373, 386 (2014)). Nevertheless, even the use of administrative power to obtain those business records which the *Carpenter* court found distinguished from digitally stored user information may also violate the Fourth Amendment. *Grand Jury Subpoena v. Kitzhaber*, 828 F.3d 1083, 1088 (citing *Hale v. Henkel*, 201 U.S. 43, 76, 26 S. Ct. 370, 50 L. Ed. 652 (1906)).

Finding that a Defendant has an expectation of privacy in such digitally stored information, the *Carpenter* court then cautioned against the erosion of Fourth Amendment protections by the expansive use of administrative subpoenas. "If the choice to proceed

3

by subpoena provided a categorical limitation on Fourth Amendment protection, no type of record would ever be protected by the warrant requirement." *Carpenter*, at 318.

To that end, the Sixth Circuit Court of Appeals has held that the government also needs a properly issued warrant in order to obtain an individual's email information from a third-party email provider. *United States v. Warshak*, 631 F.3d 266, 288 (2010)("a subscriber enjoys a reasonable expectation of privacy in the contents of emails 'that are stored with, or sent or received through, a commercial ISP"). This same logic applies to other non-public communications, including direct messages between users of third-party platforms, as well as information regarding a user's interactions with the platform, posts, comments, and communications in non-public forums. Emails, and by logical import other non-public communications, have been found to be analogous to "closed, addressed packages" when discussing the reasonable expectation of privacy. *Grand Jury Subpoena v. Kitzhaber*, 828 F.3d 1083, 1090 (9th Cir. 2016)(citing *United States v. Forrester*, 512 F.3d 500, 511 (9th Cir. 2008)). "[A] person 'does not forfeit [his] expectation of privacy merely because [a private] container is located in a place that is not controlled exclusively by the container's owner.'" *Ibid* (quoting *United States v. Monghur*, 588 F.3d 975, 978 (9th Cir. 2009)).

Elsewhere, federal courts have expressed distaste at the use of administrative subpoena power to sidestep the Fourth Amendment's warrant requirement. *United States v. Fritzinger*, 2024 U.S. Dist. LEXIS 120570, *23 (Although not ruling on the issue specifically, the court expressed it had "concerns about the use of investigatory

subpoenas in this case" when discussing the use of administrative subpoenas to obtain IP addresses).

A primary focus of this Court's review of the affidavit in support of the warrant should be on the lack of veracity, reliability and basis of knowledge of the Affiant. Even where the information provided in the warrant applications references undercover investigative acts conducted by the Affiant, those actions relied upon information obtained through the administrative subpoenas. As such, Affiant's statements regarding the information purportedly supporting probable cause to search are very conclusory. "An affidavit must provide the magistrate with a substantial basis for determining the existence of probable cause, and [a] wholly conclusory statement fails to meet this requirement. Sufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others." *Illinois v. Gates*, 462 U.S. 213, 239 (1983). In the instant case, the issuing magistrate could also be said to by simply ratifying the illegally gained information when the manner of retrieval is not specifically identified.

Any statements allegedly made, or consent given during the execution, are the "fruit of the poisonous tree" and should also be suppressed. *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407 (1973). Similarly, any subsequent warrants issued for the search of electronic pieces are lacking an independent foundation or basis.

Wherefore, Defendant prays this Court will suppress any and all evidence gathered as a result of the subpoenas and search warrants because it was secured in violation of his rights under the Fourth Amendment to the United States Constitution.

Respectfully submitted,

/s/Anthony R. Cicero
ANTHONY R. CICERO #0065408
CiceroAdams, LLC
500 East Fifth Street
Dayton, Ohio 45402
937.424.5390 phone
937.424.5393 facsimile
TonyCicero@gocicero.com
*Trial Attorney for Defendant*

CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to Christina E. Mahy Assistant U.S. Attorney, 602 Federal Building, 200 West Second Street, Dayton, Ohio 45402.

/s/Anthony R. Cicero
ANTHONY R. CICERO #0065408
CiceroAdams, LLC
500 East Fifth Street
Dayton, Ohio 45402
937.424.5390 phone
937.424.5393 facsimile
TonyCicero@gocicero.com
*Trial Attorney for Defendant*